UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY JONES | CIVIL ACTION |
| VERSUS | NO. 17-5038 |
| DARREL VANNOY | SECTION "R" (4) |

# ORDER

The Court has reviewed *de novo* the petition for *habeas corpus*,[1] the record, the applicable law, the Magistrate Judge's Repport and Recommendation,[2] and the petitioner's objections.[3] The Magistrate Judge correctly determined that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act. Petitioner's objections simply rehash arguments made before the Magistrate Judge and are without merit.[4] Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

---

[1] R. Doc. 1.
[2] R. Doc. 11.
[3] R. Doc. 12.
[4] Petitioner chiefly argues that the victim's medical records from 1992—after she was allegedly raped in December 1991—establish petitioner's innocence. *Id.* at 3-4. The state trial court on habeas addressed this issue and found that the victim's 1992 medical examinations indicated venereal disease and sexual penetration, while earlier examinations revealed no similar abnormalities. State Rec., vol. 2, Reasons for Judgment (Mar. 25, 2003). Petitioner asserts that the first three of these medical examinations,

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because petitioner's claims are time-barred, he has not made a substantial showing of the denial of a constitutional right.

---

which occurred between July and September 1992 (the final examination took place in October), did not reveal signs of sexual assault. *Id.* at 4. But petitioner concedes in his petition that the victim's July 1992 examination revealed symptoms of venereal disease. R. Doc. 1 at 17. Thus, petitioner's contention that no reasonable juror could find that the victim was sexually abused before July 1992 lacks merit.

Accordingly, IT IS ORDERED that the petition for *habeas corpus* is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __13th__ day of July, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE