UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY JONES                                                CIVIL ACTION

VERSUS                                                   NO. 17-5038

DARREL VANNOY                                            SECTION "R" (4)


## ORDER AND REASONS

Before the court is Roy Jones's motion to allow him to proceed *in forma pauperis* on appeal.[1] Because Jones did not indicate which issues he intends to pursue on appeal, the Court denies the motion.

## I.   BACKGROUND

Jones is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[2] In 1995, Jones was found guilty by a jury for aggravated rape and sentenced to life in prison without the possibility of parole, probation, or suspension of sentence.[3] On May 18, 2017, Jones filed a petition for a writ of habeas corpus in federal court in which he asserted that his counsel was ineffective on multiple grounds, that he is entitled to

---

[1]   R. Doc. 16.
[2]   R. Doc. 1 at 2.
[3]   Id.; R. Doc. 11 at 1-2.

DNA testing, and that he is actually and factually innocent.[4] The Court referred the matter to Magistrate Judge Karen Wells Roby, who issued a Report and Recommendation.[5] Magistrate Judge Roby determined that the petition was time-barred and recommended that the petition be dismissed with prejudice.[6] On July 13, 2018, the Court approved the Magistrate Judge's Report and Recommendation and adopted its opinion.[7] Jones filed a notice of appeal[8] and now moves to proceed with his appeal *in forma pauperis*.[9]

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the

---

[4] R. Doc. 1 at 16-19; *see also* R. Doc. 11 at 6.
[5] R. Doc. 11.
[6] *Id.* at 17.
[7] R. Doc. 13.
[8] R. Doc. 15.
[9] R. Doc. 16.

issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.' " *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 Fed. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 Fed. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

### III. DISCUSSION

Jones's motion to proceed *in forma pauperis* suggests that he is unable to pay fees related to his appeal. The motion and supporting documentation

indicate that Jones's current inmate balance is $35.67 and that he has no other assets.[10]

Jones's motion must nevertheless be denied because Jones has not indicated to the court which issues he intends to pursue on appeal.[11] A litigant who wishes to proceed *in forma pauperis* in the Court of Appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1). Without a statement of the issues he intends to pursue on appeal, the Court cannot determine whether his appeal is taken in good faith. *See, e.g.*, *Reeder v. U.S.*, No. 07-45, 2012 WL 965997, at *2 (E.D. La. Mar. 21, 2012); *Smith v. School Bd. of Brevard Cty*, No. 09-2033, 2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07–382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008). A litigant who fails to present arguments for appeal is considered to have abandoned those arguments. *McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (citing *Van Cleave v. United States*, 854 F.2d 82, 84-85 (5th Cir. 1988)). Jones has failed to comply with the requirements for

---

10   R. Doc. 19 at 6.
11   *See* R. Doc. 15.

a motion to proceed *in forma pauperis* and the Court thus deems him to have abandoned those arguments.

**IV. CONCLUSION**

For the foregoing reasons, petitioner's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __14th__ day of September, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE